**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1805**

CORSAIR SPECIAL SITUATIONS FUND, L.P.,

             Plaintiff – Appellee,

        v.

ENGINEERED FRAMING SYSTEMS, INCORPORATED; JOHN J. HILDRETH,
P.E.; MARIE N. HILDRETH; EFS STRUCTURES, INCORPORATED,

             Defendants – Appellants.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Paul  W.  Grimm,  Magistrate  District
Judge.  (1:09-cv-01201-PWG)

Submitted:  June 29, 2011            Decided:  August 5, 2011

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas Vecchio, DILWORTH PAXSON, LLP, Cherry Hill, New Jersey,
for Appellants.  Derek P. Roussillon, Robert S. Brennen, MILES &
STOCKBRIDGE, PC, Baltimore, Maryland, Matthew S. Sturtz, MILES &
STOCKBRIDGE, PC, Towson, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Engineered Framing Systems, Incorporated, John J. Hildreth, P.E., Marie N. Hildreth, and EFS Structures, Incorporated (collectively, "the EFS Parties"), appeal the magistrate judge's orders granting summary judgment to Corsair Special Situations Fund, L.P. ("Corsair"), in Corsair's civil action. The EFS Parties argue on appeal that the magistrate judge erred in granting summary judgment to Corsair on its claim for breach of contract, in granting declaratory relief to Corsair, and in imposing a permanent injunction. We affirm.

We review de novo the district court's adverse grant of summary judgment and construe the facts in the light most favorable to the EFS Parties. PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 119 (4th Cir. 2011). Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To survive summary judgment on Corsair's claim for breach of contract, the EFS Parties were required to submit evidence from which a reasonable jury could conclude that they satisfied the terms of an express condition precedent to Corsair's performance. See All State Home Mortg., Inc. v. Daniel, 977 A.2d 438, 447 (Md. Ct. Spec. App. 2009).

2

We have reviewed the record and the parties' briefs and conclude that the magistrate judge properly granted summary judgment to Corsair on its claim for breach of contract because the undisputed evidence of record showed that no reasonable jury could find that the EFS Parties satisfied the terms of the condition precedent to Corsair's performance. Additionally, because a court determining whether to grant a motion for summary judgment need only consider materials in the record before it, see Fed. R. Civ. P. 56(c); Campbell v. Hewitt, Coleman & Assocs., Inc., 21 F.3d 52, 55 (4th Cir. 1994), the magistrate judge's grant of summary judgment to Corsair without consideration of testimony the EFS Parties hoped to present at trial was not error.

The EFS Parties also challenge the magistrate judge's grant of declaratory relief to Corsair, seemingly arguing that the court should have declared that the grant of relief was subject to limitations and restrictions. However, because the EFS Parties fail to support this claim in accordance with Fed. R. App. P. 28(a)(9)(A) ("[T]he [appellant's] argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."), we deem it abandoned. See Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607

3

(4th Cir. 2009); <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

Finally, the EFS Parties contend that the magistrate judge erred in granting a permanent injunction to Corsair because Corsair failed to establish its entitlement to such an injunction. We have reviewed the record and conclude that the magistrate judge did not grant injunctive relief to Corsair. <u>See</u> <u>Ulstein Mar., Ltd. v. United States</u>, 833 F.2d 1052, 1055 (1st Cir. 1987) ("A declaratory judgment states the existing legal rights in a controversy, but does not, in itself, coerce any party or enjoin any future action.").

Accordingly, we affirm the magistrate judge's orders. We deny the EFS Parties' motion to expedite and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>